UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:10-cr-307-T-27AAS

CHARLES TOLSON
_____/

# ORDER

**BEFORE THE COURT** are Defendant Tolson's "Motion Under 3582 for Sentence Reduction Re: Extraordinary and Compelling Circumstances" (Dkt. 153), "Motion for Appointment of Counsel Re: Motion Under 3582 for Sentence Reduction" (Dkt. 154), "Supplemental Motion In Re: Motion Under 3582(c)(1)(A) for Sentence Reduction Re: Extraordinary and Compelling Circumstances" (Dkt. 155), and the United States' Opposition (Dkt. 157). Upon consideration, Tolson's motions are **DENIED**.

Tolson stands convicted of three counts of robbery, in violation of 18 U.S.C. § 1951, and three counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). (Dkt. 88 at 1). He was sentenced to life imprisonment on the § 924(c) convictions. (Id. at 2). His convictions and sentence were affirmed on appeal. (Dkts. 120, 121). His motions to vacate under 28 U.S.C. § 2255 were dismissed. (Dkts. 126, 128, 131, 133); *see* Case No. 8:19-cv-00950-T-27AAS, ECF 1, 2. His applications for leave to file a second or successive § 2255 motion were denied. (Dkts. 139, 144).

Tolson now seeks compassionate release or a sentence reduction based on what he contends are "extraordinary and compelling reasons." (Dkts. 153, 155). Specifically, he seeks a sentence reduction "based upon the First Step Act of 2018, Section 403, 924-c stacking." (Dkt. 153 at 1). He contends that "[t]he extraordinary and compelling circumstances of such a

1

draconian sentence in which [he] was sentenced to does not serve the means of justice to a then 19-year old child/young man who brain was not even fully developed at the time of his alleged crimes." (Id.). Although he acknowledges that Section 403 was not made "retroactively applicable to defendants sentenced prior to the signing of the Act," he asserts that this constitutes an extraordinary and compelling circumstance warranting release. (Id. at 1-2). However, he is not entitled to a reduction in sentence or appointment of counsel.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release with the court after fully exhausting the administrative remedies available to him following the failure of the Bureau of Prisons (BOP) to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b). In his "supplemental" motion, Tolson includes a purported copy of a "Request to Staff," which he asserts was "handed to [his] counselor on January 13, 2021, to be sent to the warden's office for review." (Dkt. 155-1); (Dkt. 155 at 1-2). He further asserts that he "inadvertently forgot" to include the copy in his prior motion and has not received a response on the request. (Dkt. 155 at 2). However, as the United States observes, BOP records reflect that he did not submit a request for a reduction in sentence. (Dkt. 157 at 3, 6); (Dkt. 157-1); *see also United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). In any event, he has not identified an extraordinary and compelling reason warranting release.

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a

serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Tolson fall within these circumstances. His challenges to his sentence do not constitute extraordinary and compelling circumstances. *See United States v. Abreu*, 840 F. App'x 457, 461 (11th Cir. 2020) (finding that "§ 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255"); *United States v. Plowright*, No. CR 107-167, 2020 WL 3316989, at *2 (S.D. Ga. June 18, 2020) (rejecting challenge to "stacked sentence" as basis for compassionate release). And he does not identify medical, age-based, or family circumstances warranting release. *See* U.S.S.G. § 1B1.13, cmt. n.1. Moreover, his circumstances do not warrant a sentence reduction under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed June 1, 2021). And while his rehabilitation efforts are admirable, (Dkt. 153 at 1), rehabilitation alone is insufficient to warrant release. *See* 28 U.S.C. § 994(t). In sum, Tolson's reasons are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13 and are, therefore, not consistent with the policy statement in § 1B1.13.

To the extent Tolson contends that he has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13, the Eleventh Circuit Court of Appeals has rejected that contention. *United States v. Bryant*, No. 19-14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (concluding that "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons'

that might justify a reduction in a defendant's sentence"); *see* (Dkt. 155 at 3). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Tolson has not established a basis to warrant compassionate release. Last, even if extraordinary and compelling reasons exist, the § 3553(a) factors do not weigh in favor of his release.[1]

In summary, Tolson has not demonstrated that compassionate release or a reduction in his sentence is warranted. Accordingly, his motions and request to appoint counsel are **DENIED**. (Dkts. 153, 154, 155).

**DONE AND ORDERED** this 4th day of June, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] These factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 181-82 (11th Cir. 2019) (citation omitted). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809, 812 (11th Cir. 2020) (citations omitted). As the United States correctly contends, the circumstances of Tolson's offense and his disciplinary history while incarcerated do not weigh in favor of release. *See* U.S.S.G. §1B1.13(2); (Dkt. 157 at 9-13); (Dkt. 157-3). He stands convicted of three counts of robbery and three counts of brandishing a firearm during a crime of violence. (Dkt. 88 at 1). He was the leader of the robberies, aimed his firearm at individuals, and pulled the trigger twice. (Dkt. 107 at 12-13). Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or adequately deter criminal conduct in the future.